# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 3036 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Third-party plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARBOR INDUSTRIES, INC., and | ) | |
| LANKFORD CONSTRUCTION | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-party defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After she was allegedly hit in the head by a dressing room door that had fallen off its hinges, plaintiff Angela Brown ("Brown") filed in the Circuit Court of Cook County her negligence suit against defendant Target Corporation ("Target"). Target, in turn, filed a third-party complaint against third-party defendants Harbor Industries, Inc. ("Harbor") and Lankford Construction Company ("Lankford"). Harbor and Lankford have each filed a cross-claim against Target for negligent spoliation of evidence. Before the Court are Target's motions to dismiss the cross-claims for negligent spoliation of evidence. For the reasons set forth below,

the Court grants Target's motion to dismiss Lankford's cross-claim. The Court denies Target's motion to dismiss Harbor's cross-claim.

I. **Background**

The Court takes as true the allegations in Harbor's and Lankford's cross-claims. The Court also considers the documents attached to their cross-claims. Fed.R.Civ.P. 10(c).

Lankford, in its cross-claim, alleges that Target has not "preserved, protected or maintained" the "fitting room door" despite the fact that Target "knew or should have known that plaintiff's lawsuit was eminent [sic] and made certain allegations." Lankford alleges that "Target knew or reasonably should have known that the subject fitting room door, fitting room door hinge and hardware in its condition at the time of the occurrence would constitute evidence of potential litigation involving the plaintiff." Lankford alleges that "[d]espite Target's control and possession of the subject fitting room door, fitting room door hinge and hardware, it failed to act with reasonble care to preserve said evidence in its condition at the time of the occurrence." Lankford also alleges that "Target knew or reasonably should have known that Lankford did not have knowledge of the occurrence and prevented Lankford from its ability to make a request to preserve the evidence in its condition at the time of the occurrence before said evidence was altered, destroyed or damaged." Finally, Lankford alleges that because of Target's failure to preserve the evidence, it has been damaged.

Harbor, in its amended[1] cross-claim, alleges that, on December 17, 2011, a Target employee filled out an incident report with respect to Brown's alleged injury, at which point "it was foreseeable that Target knew or should have known that litigation was imminent." Harbor alleges that, on December 17, 2011, "Target there and then voluntarily undertook and from that date forward owed a duty to all parties, including Harbor Industries, to protect, preserve and maintain the subject fitting room door and/or any component/assembly parts." As further support of its allegation that Target "voluntarily" undertook the obligation to preserve the evidence, Harbor describes (and quotes from) emails it alleges were sent by Target employees. Harbor alleges that in or about August 2012, a Target employee sent an email which "stated that its Group Facility Manager, Mr. Patrick Perez ("Perez") was instructed to 'NOT repair the fitting room door until we gave the clearance to do so (presumably so it could be inspected for the lawsuit.'" Harbor alleges that, in or about August 2012, Perez sent an email in which he asks, "What's the status of the inspection that you were scheduling? . . . I feel we continue to be at risk of seeing more injuries and from what I understand the only thing preventing us from a long-term fix is this inspection."

In addition, Harbor alleges that Harbor had a contract (which it attached to its cross-claim) with Target. Harbor alleges that "[b]y virtue of the written agreement between Target and Harbor Industries, Target owed a duty to preserve, protect or maintain said evidence for examination and inspection to determine liability of the subject fitting room door and/or any

---

[1] After Target filed its motion to dismiss, Harbor amended its cross-claim. Although the amendment rendered moot Target's motion to dismiss, the Court will consider Target's motion to dismiss Harbor's cross-claim as a motion to dismiss Harbor's amended cross-claim in order to avoid the waste of having the parties file additional briefs.

-3-

component/assembly parts." Harbor further alleges that "[t]he contractual relationship between Target and Harbor Industries created a 'special circumstance'; and by more than mere possession and control, it there and then became the duty of Target to" preserve the evidence.

Harbor alleges that despite a duty to preserve, a Target maintenance employee, at some point after December 17, "altered, changed and destroyed evidence while 'repairing' the subject fitting room door of Brown's lawsuit and, on information and belief, removed certain original component/assembly parts while making said repairs to the subject fitting room door." Harbor alleges that Target failed to preserve the evidence, thereby injuring Harbor.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)

(quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950. Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974.

## III. Discussion

Under Illinois law, a claim for spoliation of evidence is a form of a negligence claim. *Martin v. Keeley & Sons, Inc.*, __ Ill.2d __, __, 979 N.E.2d 22, 27 (Ill. S.Ct. 2012). To establish such a claim, a plaintiff must show: "(1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages." *Martin*, 979 N.E.2d at 27.

Establishing the first element (a duty to preserve evidence) is not as easy as it may sound. Because the general rule in Illinois is that there is *no* duty to preserve evidence, in order to establish the first element, a plaintiff must meet a two-part test "to establish an exception to the no-duty rule." *Martin*, 979 N.E.2d at 28 (citing *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 194-95 (1995)). The Illinois Supreme Court has described the two-part test:

> Under the first, or 'relationship,' prong of the test, a plaintiff must show that an agreement, contract, statute, special circumstance, or voluntary undertaking has given rise to a duty to preserve evidence on the part of the defendant. Under the second, or 'foreseeability,' prong of the *Boyd* test, a plaintiff must show that the duty extends to the specific evidence at issue by demonstrating that 'a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.' If the plaintiff fails to satisfy both prongs of the *Boyd* test, the defendant has no duty to preserve the evidence at issue.

*Martin*, 979 N.E.2d at 28 (internal citations omitted).

### A. Target's motion to dismiss Lankford's cross-claim

Target moves to dismiss Lankford's spoliation claim for failure to state a claim. Specifically, Target argues that Lankford has failed to allege plausibly that Target had a duty to preserve the evidence, because Lankford has failed to allege an "agreement, contract, statute, special circumstance, or voluntary undertaking" to preserve the evidence.

The Court agrees. The closest Lankford comes to alleging a duty is to allege that Target had "control and possession of the subject fitting room door, fitting room door hinge and hardware." The Illinois Supreme Court has said that possession and control of the evidence are *not* enough to establish a duty to preserve. *Martin*, 979 N.E.2d at 31 ("It is clear from the context of the *Dardeen* decision that something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit.")

Lankford has not plausibly alleged that Target had a duty to preserve the evidence. Because it has failed to state a claim for spoliation of evidence, the Court dismisses Lankford's cross-claim without prejudice. Lankford is granted 14 days to file an amended cross-claim.

### B. Target's motion to dismiss Harbor's cross-claim

Target argues that Harbor's amended cross-claim fails to state a claim for spoliation, because it fails to allege plausibly that Target had a duty to preserve the evidence.

First, Target argues that Harbor's allegations do not support a claim that Target has a duty to preserve evidence due to a contract between Harbor and Target. In its cross-claim, Harbor alleges that it had a contractual relationship with Target and that, by virtue of that

contractual relationship, Target owed a duty to preserve evidence. Harbor also attached the contract to the cross-claim. As Target points out, no provision of the contract requires Target to preserve evidence. Accordingly, the Court agrees that Harbor's allegations do not make it plausible that Target owed Harbor a duty to preserve evidence based on a contract. *See Dardeen v. Kuehling*, 213 Ill.2d 329, 337 (Ill. S.Ct. 2004) (rejecting argument that insurance company owed duty to preserve evidence based on a contract where contract did not contain a provision under which the party owed a duty to preserve evidence from being destroyed).

Harbor also includes allegations that Target voluntarily undertook the obligation to preserve the evidence. Target argues that these allegations do not make it plausible that Target had a duty to preserve the evidence. In *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188 (Ill. S.Ct. 1995), the Illinois Supreme Court considered whether a plaintiff properly alleged that a defendant had voluntarily undertaken a duty to preserve evidence. According to the plaintiff's allegations in *Boyd*, plaintiff had been injured when a propane heater exploded. Plaintiff alleged that two days after the accident, two of defendant's employees came to her house and took the heater, knowing that it was evidence relevant to future litigation and telling the plaintiff that they needed it to investigate her claims. After the defendant lost the evidence, the Illinois Supreme Court concluded that plaintiff had stated a claim for negligence, because defendant had assumed a duty to preserve the evidence. *Boyd*, 166 Ill.2d at 194 & 198.

In this case, Harbor alleges facts that, according to Harber, make it plausible that Target voluntarily assumed the duty to preserve the evidence. Specifically, Harbor alleges that, in an August 2012 email, a Target employee stated that a facilities manager had been instructed not to

repair the fitting room door, "presumably so it could be inspected for the lawsuit." This allegation makes it plausible that Target took it upon itself to preserve the evidence.

Target argues that the August 2012 emails have been taken out of context. Target asserts that one of its maintenance technicians repaired the fitting room door shortly after it injured Brown immediately in December 2011. Target asserts that the August 2012 emails were referring to subsequent renovations to the fitting room area. If that is so, Target may have a good argument on the merits. *Martin*, 979 N.E.2d at 30 ("[Defendant] did not manifest an intention to preserve the I-beam as evidence or even acknowledge the significance of the I-beam as evidence in potential future litigation. [Defendant] never moved the I-beam from its position in the creek where it fell. Nor did it relocate the beam to a place where it would be protected from loss or destruction. Although [defendant's] employees visually inspected the I-beam, and [defendant] allowed IDOT and OSHA investigators to inspect the I-beam and the accident site, these actions fall short of taking affirmative steps to preserve the I-beam as evidence. A voluntary undertaking requires some affirmative acknowledgment or recognition of the duty by the party who undertakes the duty."). This Court, however, cannot consider Target's version of the facts, because they are outside of the pleadings. Fed.R.Civ.P. 12(d). All this Court can consider are Harbor's allegations in its cross-claim and the attachments thereto. Those allegations state a plausible claim for negligent spoliation. Target's motion to dismiss Harbor's cross-claim is, therefore, denied.

**IV.    Conclusion**

For the reasons set forth above, the Court grants Target's motion to dismiss Lankford's cross-claim. Lankford's cross-claim is dismissed without prejudice. Lankford is granted 14 days to file an amended cross-claim, should it so choose. The Court denies Target's motion to dismiss Harbor's cross-claim.

ENTER:

George M. Marovich
United States District Judge

DATED: March 4, 2013