**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 3036 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Third-party plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARBOR INDUSTRIES, INC., and | ) | |
| LANKFORD CONSTRUCTION | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-party defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After she was allegedly hit on the head by a dressing-room door that had fallen off its hinges, plaintiff Angela Brown ("Brown") filed in the Circuit Court of Cook County her negligence suit against defendant Target Corporation ("Target"). Target removed the case to this Court and filed a third-party complaint against third-party defendants Harbor Industries, Inc. ("Harbor") and Lankford Construction Company ("Lankford"). Target has filed a motion for partial summary judgment with respect to Count II of its third-party complaint against Harbor. In that count, Target alleges that Harbor has a duty to defend and indemnify it with respect to Brown's claims against it. For the reasons set forth below, the Court denies Target's motion.

I.    **Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment.  The Court enforces Local Rule 56.1 strictly.  Facts that are argued but do not conform with the rule are not considered by the Court.  For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed.  Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted.  *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004).  This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence.  *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).  Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts are undisputed unless otherwise noted.

On December 17, 2011, plaintiff Angela Brown was hit on the head by a fitting-room door when she attempted to exit a fitting room in the Target store located at 6601 Grand Avenue in Gurnee, Illinois (the "Gurnee store").

Before that date, Target had contracted with Harbor to design and provide materials for the construction of fittings rooms at the Gurnee store.  The contract was called the "Program Agreement for Fitting Rooms" and incorporated by reference a prior agreement called the "Supplier Qualification Agreement."  The Supplier Qualification Agreement, in turn, stated, among other things:

> Supplier shall indemnify, defend and hold harmless Target, its affiliates, and their respective directors, officers, shareholders, employees, contractors, and agents ("the Target Parties"), from and against any liabilities, losses, claims, suits damages, costs and expenses (including without limitation reasonable attorneys' fees and expenses) (each a "Claim") *arising out of or otherwise relating to the subject matter of this Agreement*, Supplier's performance or failure to perform as required by this Agreement, Supplier's acts or omissions, or Supplier's failure to comply with any of the Supplier's representations or warranties contained in this Agreement. Any attorney selected by Supplier to defend Target Parties must be reasonably satisfactory to Target. Supplier may not settle a Claim (in whole or in part) without Target's prior written consent.

(Supplier Qualification Agreement at 4) (emphasis added). Harbor is the "Supplier" in the contract. The contract also states, "The laws of the State of Minnesota, without regard to Minnesota's choice of law principles, govern all matters arising out of or related to this Agreement." (Supplier Qualification Agreement at 6).

## II.     Standard on a motion for summary judgment

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.     Discussion

In Count II of its third-party complaint, Target alleges that Harbor must defend and indemnify it with respect plaintiff Brown's claim that Target was negligent. In moving for summary judgment with respect to Count II, Target argues that the language of the indemnification clause is broad enough to cover Target's own negligence. Harbor disagrees. Harbor argues that the indemnification clause is not sufficient, under Minnesota law, to cover Target's own negligence. Alternatively, Harbor argues that the contract is a construction contract, subject to the Minnesota and/or Illinois statutes that barring from construction contracts clauses in which a party is indemnified for its own negligence.

This federal court, which is sitting in diversity, applies the choice-of-law rules of Illinois--its forum state. *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004). Illinois law respects a choice-of-law provision in a contract, so long as the chosen law is not "'contrary to Illinois's fundamental public policy.'" *Tradesmen Int'l, Inc. v. Black*, 724 F.3d 1004, 1012 (7th Cir. 2013) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 705 (7th Cir. 2004)). The contract at issue in this case contains a clause that states it will be governed by the laws of the state of Minnesota. Accordingly, this Court will apply Minnesota law.

Minnesota courts will enforce clauses to indemnify the indemnitee for its own negligence under some, but not all, circumstances. As the Supreme Court of Minnesota has explained:

> Agreements seeking to indemnify the indemnitee for its own negligence are not favored by the law and are not construed in favor of indemnification unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it.

*Yang v. Voyagaire Houseboats, Inc.*, 701 N.W.2d 783, 791 (S.Ct. Minn. 2005) (quoting *National Hydro. Sys. v. MA Mortenson Co.*, 529 N.W.2d 690, 694 (Minn. 1995)). In *Yang*, the Supreme

Court of Minnesota was considering an indemnity clause that said, "[third-party defendant] shall indemnify and hold harmless [third-party plaintiff] from and against all claims, actions, proceedings, damage and liabilities, *arising from or connected with* [third-party defendant's] possession, use and return of the boat, or arising at any time during the term of this rental." *Yang*, 701 N.W.2d at 791(emphasis added). The Supreme Court of Minnesota rejected the argument that this (and one other) indemnification clause was clear enough to cover the indemnitee's own negligence. The court explained:

> [W]e also determine that the indemnification clauses are not enforceable because the language is not clear and unequivocal. Strictly construed, the indemnification clauses do not contain language that (1) specifically refers to negligence, (2) expressly states that the renter will indemnify [third-party plaintiff] for [third-party plaintiff's] negligence, or (3) clearly indicates that the renter will indemnify [third-party plaintiff] for negligence occurring before the renter took possession of the houseboat.
>
> \*   \*   \*
>
> We reject the court of appeals' suggestion that the requirement of clear and unequivocal language concerning the scope of the indemnification clause applies only in the context of building and construction contracts.

*Yang*, 701 N.W.2d at 792 n. 5 (internal citations omitted). Although the language in the contract in *Yang* was not clear and unequivocal, Minnesota courts have enforced contracts that included indemnification clauses for a party's own negligence where the language was clear and unequivocal. *See Lake Cable Partners v. Interstate Power Co.*, 563 N.W.2d 81, 86 (Ct.App. Minn. 1997) (collecting cases). For example, in *Lake Cable*, the court enforced a contract that said the defendant would indemnify the plaintiff for negligence "'including negligence on the part of [plaintiff] or claimed on the part of [plaintiff],'" because the court concluded that "this language conveys the clear intent that [plaintiff] be indemnified for its own negligence." *Lake Cable*, 563 N.W.2d at 86.

In this case, in arguing that the contract requires Harbor to indemnify Target for Target's own negligence, Target points to the portion of the contract that requires Harbor to indemnify Target for claims "arising out of or otherwise relating to the subject matter of this Agreement." Target believes this language is broad enough to require Harbor to indemnify Target for its own negligence. This language, however, is very similar to the language the Supreme Court of Minnesota rejected in *Yang*. Nothing in the clause mentions negligence or that Harbor must indemnify Target for Target's own negligence. Accordingly, the contract does not clearly and unequivocally require Harbor to defend and/or indemnify Target for Target's own negligence, and Target's argument fails as a matter of Minnesota law.

Because this Court has concluded that, as a matter of Minnesota law, the language of the indemnification clause does not require Harbor to indemnify Target for Target's own negligence, the Court need not consider Harbor's alternative argument that the indemnification clause is barred by the Illinois and/or Minnesota statutes that forbid such clauses in construction contracts.

Target has not shown that it is entitled to judgment as a matter of law, so its motion for partial summary judgment with respect to Count II is denied.

**IV.    <u>Conclusion</u>**

For the reasons set forth above, the Court denies Target's motion for partial summary judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: October 22, 2013